ROBERT S. BREWER, JR.
United States Attorney
George V. Manahan
Assistant U.S. Attorney
California Bar No. 239130
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7607
Fax: (619) 546-7751
Email: George.manahan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M., an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Lead Case No.:<br>3:18-CV-1550-TWR-AGS<br><br>Related Cases:<br>3:19-CV-1108-TWR-AGS<br>3:19-CV-1252-TWR-AGS<br>3:19-CV-2401-TWR-AGS<br>3:19-CV-2492-TWR-AGS<br><br>**UNITED STATES' ANSWER TO PLAINTIFF A.M.'S FIRST AMENDED COMPLAINT** |

Defendant the United States of America ("Defendant"), by and through its attorneys, Robert S. Brewer, Jr., United States Attorney, and George V. Manahan, Assistant United States Attorney, hereby files this Answer to the First Amended Complaint ("FAC") filed by Plaintiff A.M. ("Plaintiff"), ECF No. 9 in case number 19-cv-1108.

Where Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegation, it may so state, and the statement has the effect of a denial. See Fed. R. Civ. P. 8(b)(5). Furthermore, Defendant affirmatively alleges that no answer is required to any paragraph of the Complaint containing allegations constituting legal conclusions of questions of law, since only the Court may determine such matters. To the

extent that Defendant here answers that one of Plaintiff's allegations is a legal conclusion, or in any other way fails to admit or deny an allegation, and it is determined an admission or denial should have been provided, however, the United States generally alleges that it lacks knowledge or information sufficient to form a belief about the truth of such allegation, and on such basis denies all such allegations.

1. Answering numbered Paragraph 1, the allegations contained in this Paragraph are legal conclusions and/or assertions of jurisdictional basis which present questions of law to be determined solely by the court, and therefore no answer is required.

2. Answering numbered Paragraph 2, the allegations contained in this Paragraph are legal conclusions and/or assertions of jurisdictional basis which present questions of law to be determined solely by the court, and therefore no answer is required.

3. Answering numbered Paragraph 3, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

4. Answering numbered Paragraph 4, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

5. Answering numbered Paragraph 5, Defendant admits the allegations.

6. Answering numbered Paragraph 6, Defendant denies the allegations.

7. Answering numbered Paragraph 7, Defendant denies the allegations.

8. Answering numbered Paragraph 8, Defendant denies the allegations.

9. Answering numbered Paragraph 9, the allegations contained in this Paragraph are legal conclusions and/or assertions of jurisdictional basis which present questions of law to be determined solely by the court, and therefore no answer is required.

10. Answering numbered Paragraph 10, Defendant admits Plaintiff is an adult female. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

11. Answering numbered Paragraph 11, Defendant alleges there are no facts to admit or deny.

12. Answering numbered Paragraph 12, Defendant admits Dr. Fajerman was a

psychiatrist licensed to practice by the State of California who was contracted to work as a psychiatrist and provided psychiatric treatment at San Ysidro Health. Defendant denies Dr. Fajerman is an employee of Defendant. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

13. Answering numbered Paragraph 13, Defendant admits the allegations.

14. Answering numbered Paragraph 14, Defendant denies the allegations.

15. Answering numbered Paragraph 15, Defendant denies the allegations.

16. Answering numbered Paragraph 16, Defendant denies the allegations.

17. Answering numbered Paragraph 17, Defendant denies the allegations.

18. Answering numbered Paragraph 18, Defendant denies the allegations.

19. Answering numbered Paragraph 19, Defendant denies the allegations.

20. Answering numbered Paragraph 20, Defendant admits on or about December 2, 2019, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

21. Answering numbered Paragraph 21, Defendant admits the allegations.

22. Answering numbered Paragraph 22, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

23. Answering numbered Paragraph 23, Defendant admits the allegations.

24. Answering numbered Paragraph 24, Defendant admits the allegations.

25. Answering numbered Paragraph 25, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

26. Answering numbered Paragraph 26, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

27. Answering numbered Paragraph 27, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

28. Answering numbered Paragraph 28, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

29. Answering numbered Paragraph 29, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

30. Answering numbered Paragraph 30, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

31. Answering numbered Paragraph 31, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

32. Answering numbered Paragraph 32 Defendant lacks knowledge or information sufficient to admit or deny the allegations.

33. Answering numbered Paragraph 33, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

34. Answering numbered Paragraph 34, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

35. Answering numbered Paragraph 35, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

36. Answering numbered Paragraph 36, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

37. Answering numbered Paragraph 37, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

38. Answering numbered Paragraph 38, Defendant admits that on or about July 28, 2017, the California Office of Administrative Hearings ordered an ex parte interim suspension of Dr. Fajerman's medical license. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

39. Answering numbered Paragraph 39, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

40. Answering numbered Paragraph 40, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

41. Answering numbered Paragraph 41, Defendant admits that on or about May 8, 2018, Dr. Fajerman stipulated to the surrender of his medical license.

42. Answering numbered Paragraph 42, Defendant admits that on or about May 23, 2018, Dr. Fajerman was charged by Information in San Diego Superior Court with one felony count of Business and Professions Code 729(a), with a special allegation pursuant to Business and Professions Code 729(b)(3)- Sexual Exploitation By A Psychotherapist- Acts With Two Or More Victims-and eight misdemeanor counts of California Penal Code 243.4(e)(1)-Sexual Battery. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

43. Answering numbered Paragraph 43, Defendant admits that Dr. Fajerman was arraigned on May 31, 2018. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

44. Answering numbered Paragraph 44, Defendant admits on or about October 22, 2018, Dr. Fajerman pled guilty to sexual exploitation by a psychotherapist and misdemeanor sexual battery. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

45. Answering numbered Paragraph 45, Defendant admits on or about January 18, 2019, Dr. Fajerman was sentenced to house arrest for a year. Defendant lacks knowledge or information sufficient to admit or deny the rest of the allegations in the paragraph.

46. Answering numbered Paragraph 46, Defendant alleges there are no facts to admit or deny.

47. Answering numbered Paragraph 47, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

48. Answering numbered Paragraph 48, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

49. Answering numbered Paragraph 49, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

50. Answering numbered Paragraph 50, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

51. Answering numbered Paragraph 51, Defendant denies the allegations.

52. Answering numbered Paragraph 52, denies the allegations.

53. Answering numbered Paragraph 53, denies the allegations.

54. Answering numbered Paragraph 54, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

55. Answering numbered Paragraph 55, denies the allegations.

56. Answering numbered Paragraph 56, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

57. Answering numbered Paragraph 57, the allegations contained in this Paragraph are legal conclusions which present questions of law to be determined solely by the court, and therefore no answer is required.

58. Answering numbered Paragraph 58, the allegations contained in this Paragraph are legal conclusions which present questions of law to be determined solely by the court, and therefore no answer is required.

59. Answering numbered Paragraph 59, the allegations contained in this Paragraph are legal conclusions which present questions of law to be determined solely by the court, and therefore no answer is required.

60. Answering numbered Paragraph 60, the allegations contained in this Paragraph are legal conclusions which present questions of law to be determined solely by the court, and therefore no answer is required.

61. Answering numbered Paragraph 61, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

The remainder of Plaintiff's Complaint represents a Prayer for Relief to which no responsive pleading is required.  To the extent that the Prayer for Relief is deemed to allege facts to which a response is required, Defendant denies the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

As affirmative and other defenses to the allegations of the Complaint, Defendant states as follows:

1. Plaintiff's cause of action is subject to, and limited by, the Federal Torts Claims

1 Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680.

2. Plaintiff's cause of action is subject to, and limited by, the Federally Supported Health Centers Assistance Act of 1992, as amended in 1995, 42 U.S.C. § 233(g)-(n) (FSHCAA) and its implementing regulations found at part 6 of Title 42 of the Code of Federal Regulations.

3. Plaintiff is not entitled to a jury trial against Defendant. 28 U.S.C. 2402; 32 C.F.R. § 750.32

4. The Court lacks jurisdiction over Defendant unless a private individual would be liable according to the laws of the State of California. See United States v. Olson, 546 U.S. 43, 46–47 (2005).

5. The Court lacks subject matter jurisdiction over any claim which was not first timely presented to the appropriate Federal agency and denied by the agency in writing or may be deemed denied pursuant to 28 U.S.C. 2675(a).

6. To the extent Plaintiff has failed to state a claim upon which relief can be granted, including that Defendant would not be liable to Plaintiff under California law if a private person, their claims should be dismissed.

7. To the extent Defendant and its agents, employees, and deemed employees did not breach any duty to Plaintiff, judgement must be rendered in favor of Defendant.

8. To the extent Defendant and its agents, employees, and deemed employees gave adequate warning and counseling of the risk of Plaintiff's alleged injuries, judgement must be rendered in favor of Defendant.

9. To the extent Plaintiff's injuries were due to an unavoidable accident, judgement must be rendered in favor of Defendant.

10. To the extent Defendant and its agents, employees, and deemed employees exercised the level of skill, knowledge, and care in diagnosis and treatment that other reasonably careful medical practitioners of the same profession would use in the same or similar circumstances with reference to the medical care that is the subject of the Complaint, judgement must be rendered in favor of Defendant.

11. To the extent no negligent act or failure to act by Defendant or its agents, employees, or deemed employees was the actual cause or proximate cause of the injuries or damage alleged in the Complaint, judgement must be rendered in favor of Defendant.

12. To the extent occurrences prior to the medical care rendered by Defendant or its agents, employees, and deemed employees alleged to be negligent caused Plaintiff's alleged injuries, or a portion thereof, judgement must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

13. To the extent Plaintiff's alleged injuries were not caused by negligence on the part of Defendant or its agents, employees, or deemed employees, but were caused by the negligence of Plaintiff or Plaintiff's agents, judgment must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

14. To the extent Plaintiff's alleged injuries were not caused by negligence on the part of Defendant or its agents, employees, or deemed employees, but was caused by the negligence of a third party, including, but not limited to, health care providers who were not employees or deemed employees of the United States, judgment must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

15. To the extent Plaintiff's alleged injuries were caused by the intervening and/or superseding acts or omissions of Plaintiff, and/or Plaintiff's agents, and/or a third party, judgment must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

16. To the extent Plaintiff's injuries, if any, were caused by the comparative negligence of Plaintiff or Plaintiff's agents, including, but not limited to, any failure by Plaintiff or Plaintiff's agents to comply with recommendations of health care providers, Plaintiff's recovery from Defendant, if any, must be reduced by the degree of comparative fault.

17. To the extent Plaintiff's alleged injuries were caused by the comparative negligence of a third party, including, but not limited to, health care providers who were not employees or deemed employees of the United States, Plaintiff's recovery from Defendant,

if any, must be reduced by the degree of comparative fault.

18. Defendant is not liable for the negligent acts or omissions of independent contractors.

19. To the extent Plaintiff or Plaintiff's agents had knowledge of and voluntarily assumed the risk of the alleged injury, judgment must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

20. To the extent Plaintiff failed to exercise reasonable care in mitigating damages, Plaintiff's claims are barred, or if any recovery is due, such recovery must be reduced based on the extent Plaintiff failed to mitigate damages.

21. To the extent that Plaintiff's claims are barred, in whole or in part, by the doctrines of issue preclusion, claim preclusion, payment, release, waiver, or failure of a condition precedent, or if Plaintiff received money from a third party based on the same claims alleged in the Complaint, judgment must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

22. Plaintiff's recovery, if any, is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

23. Plaintiff's recovery, if any, is limited to the amount claimed administratively. 28 U.S.C. § 2675(b).

24. Plaintiff is not entitled to punitive damages, attorney's fees, or pre-judgement interest under the facts of this case. 28 U.S.C. §§ 2412(d)(1)(A), 2674.

25. All future damages, if any, must be reduced to present value.

26. Income taxes must be deducted from all alleged past and future lost earnings.

27. Defendant asserts as an affirmative defense all of the provisions of the California Medical Injury Compensation Reform Act ("MICRA"), including, but not limited to, California Civil Code §§ 3333.1, 3333.2; California Code of Civil Procedure § 667.7; and California Business and Professions Code § 6146.

28. Defendant is entitled to an offset against damages, if any, in the amount of Medicare, Medi-Cal, and/or any other benefit which have been or will be paid by Defendant

or its agencies to Plaintiff.

29. Defendant is entitled to have the Court consider monies Plaintiff received or will receive for Plaintiff's injuries from collateral sources as a basis for reducing Plaintiff's damages in this action. See Cal. Civil Code § 3333.1(a).

30. The United States asserts as an affirmative defense the provisions of Proposition 51, Civil Code § 1431.2, providing in part that "each defendant shall be liable only for the amount of non-economic damages allocated to the defendant in direct proportion to that defendant's percentage of fault . . ."

31. To the extent that Plaintiff's claim is barred, in whole or in part, by California Health & Safety Code § 1317(c) or (f); California Health & Safety Code §§ 1799.100-1799.112 inclusive; or California Business and Professions Code § 2395-2398, inclusive, judgment must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

32. To the extent that Plaintiff's claim is barred, in whole or in part by California Civil Code § 1714.8, judgment must be rendered in favor of Defendant or Plaintiff's recovery from Defendant, if any, must be appropriately reduced.

33. Sufficient process, sufficient service of process and proper venue are not waived.

34. Attorney's fees must be paid from any funds Plaintiff receives by judgment or settlement, and are limited by criminal statute. See 28 U.S.C. § 2678.

35. Defendant reserves the right to amend its Answer with additional defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

//
//
//
//
//

1 //

2   WHEREFORE, Defendant prays that Plaintiff take nothing by reason of Plaintiff's
3 suit herein, that judgment be rendered in favor of Defendant, for costs of suit herein
4 incurred, and for such other and further relief as this Court may deem proper.

5   DATED:   November 6, 2020   Respectfully submitted,

ROBERT S. BREWER, JR.

United States Attorney

 s/ George Manahan
George V. Manahan
Assistant United States Attorney
Attorneys for the United States